## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**THOMAS L. D'AQUIN**                    **CIVIL ACTION**

**VERSUS**                              **NO. 25-1165**

**HANO, ET AL.**                        **SECTION: "P" (3)**

### ORDER AND REASONS

Before the Court is *pro se* Plaintiff Thomas L. D'Aquin's Motion to Reopen Case and Accept IFP Status (R. Doc. 13). For the reasons that follow, the Court considers Plaintiff's motion under Federal Rule of Civil Procedure 60(b) and concludes Plaintiff's motion should be denied.

### I.    PROCEDURAL BACKGROUND

On October 9, 2025, the Court dismissed the above-captioned action for Plaintiff's failure to comply with Local Rule 5.3 and for Plaintiff's failure to comply with the Court's order requiring him to either pay the required filing fee or to seek leave to proceed *in forma pauperis* by a certain date.[1] On October 11, 2025, Plaintiff D'Aquin filed the instant Motion to Reopen Case and Accept IFP Status.[2] That same day, Plaintiff also filed a revised Motion to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion").[3] The United States Magistrate Judge granted Plaintiff's IFP Motion but withheld summons pending further review.[4]

Plaintiff's Motion to Reopen Case states that his failure to submit a completed IFP Application when he initially filed this action was an inadvertent oversight, not intentional neglect.[5] Because Plaintiff has now filed a completed IFP Motion, he asks the Court to reopen the

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 14
[4] R. Doc. 15.
[5] R. Doc. 13 at 1.

action to allow his case to proceed on the merits.[6]

## II.    LAW AND ANALYSIS

Plaintiff's motion does not reference any legal authority that would entitle him to the relief he seeks. Because Plaintiff is seeking to reopen the case after it was dismissed, the Court construes Plaintiff's motion as seeking relief under Federal Rule of Civil Procedure Rule 60(b), which allows the Court to relieve a party from a final judgment or order under certain circumstances. Under Federal Rule of Civil Procedure Rule 60(b)(1), relief is available if the movant can show "mistake, inadvertence, surprise, or excusable neglect."[7] And under the catch-all provision in Rule 60(b)(6), the Court may relieve a party from a final order for "any other reason that justifies relief," but this clause is reserved for exceptional circumstances.[8]

As the party seeking relief under Rule 60(b), Plaintiff D'Aquin has the burden of establishing inadvertence or any other reason that would justify Rule 60(b) relief.[9] "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief."[10] "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."[11]

Even construing Plaintiff's motion liberally in light of his *pro se* status, Plaintiff does not meet the standards of Rule 60(b)(1) or (b)(6), and the Court concludes that the other grounds for relief under Rule 60(b) are inapplicable here. Plaintiff's *pro se* status does not relieve him from complying with relevant procedural rules, substantive law, or the court's orders.[12] Plaintiff

---

[6] *Id.*
[7] Fed. R. Civ. P. 60(b)(1).
[8] Fed. R. Civ. P. 60(b)(6); *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[9] *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981).
[10] *Pryor v. United States Serv.,* 769 F.2d 281, 286 (5th Cir. 1985).
[11] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir. 1993).
[12] *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010); *Birl,* 660 F.2d at 593.

2

describes his failure to provide a complete IFP application as an "inadvertent oversight."[13] But Plaintiff was made aware of this "oversight" and given multiple opportunities to cure it prior to the Court's dismissal of this action.

Indeed, as the Court explained in its October 9, 2025 Order dismissing this action,[14] Plaintiff's IFP application was initially denied on June 25, 2025, due to incompleteness and inconsistencies that precluded the Court from being able to determine whether Plaintiff qualifies as a pauper under 28 U.S.C. § 1915.[15] The Court's Order denying Plaintiff's application expressly stated that Plaintiff had the right to re-file his application and gave specific instructions regarding what information should be provided if Plaintiff chose to re-file.[16] Then, on September 11, 2025, because Plaintiff had not taken any action in response to the Court's denial of his application to proceed without prepaying fees or costs, the Court ordered Plaintiff to either pay the required filing fee or to seek leave to proceed *in forma pauperis* by September 25, 2025.[17] The Court expressly warned Plaintiff that failure to do so timely may result in dismissal of the case.[18] On October 9, 2025, because Plaintiff had not paid the required filing fee or re-filed an IFP application, the Court dismissed Plaintiff's case.[19]

While the incompleteness and inconsistencies in Plaintiff's initial IFP application may have been due to inadvertence, Plaintiff's motion does not explain his failure to cure these defects prior to the dismissal of this action, during which time Plaintiff was notified of the defects, provided specific instructions on how to cure them, given a follow-up notice of the defects and a deadline by which to cure them, and explicitly warned that the failure to do so could result in dismissal of

---

[13] R. Doc. 13 at 1.
[14] R. Doc. 12.
[15] R. Doc. 8.
[16] R. Doc. 8 at 2–3.
[17] R. Doc. 10.
[18] R. Doc. 10 at 2.
[19] R. Doc. 12.

this action. Plaintiff has not shown that his circumstances are so unusual or unique to justify relief under Rule 60(b)(1) or that any other exceptional circumstance is present such that the Court should afford relief under Rule 60(b)(6).[20]

Moreover, even if Plaintiff could satisfy the Rule 60(b) standard and this action was reopened, the action would be immediately dismissed as it could not survive the statutorily mandated review required by 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court must dismiss a case brought by a party proceeding *in forma pauperis* if at any time the Court determines that the action fails to state a claim on which relief may be granted.[21] Here, Plaintiff's Complaint states that he is bringing this action as the "relator" on behalf of the United States of America pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 et seq.[22] But a *pro se* litigant, such as Plaintiff, may not prosecute a False Claims Act suit.[23] As the Fifth Circuit has explained, "regardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*."[24] Accordingly, Plaintiff's claims, which are brought under the False Claims Act on behalf of the United States, would be subject to dismissal for failure to state a claim on which relief may be granted. Thus, any relief under Rule 60(b) would be futile.

### III.    CONCLUSION

For the foregoing reasons,

---

[20] *See Pryor v. United States Serv.,* 769 F.2d 281, 286 (5th Cir. 1985); *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[21] 28 U.S.C. § 1915(e)(2)(B).
[22] R. Doc. 5.
[23] *See United States ex rel. Brooks v. Ormsby*, 869 F.3d 356 (5th Cir. 2017).
[24] *Id.* at 356.

**IT IS ORDERED** that the Motion to Reopen Case and Accept IFP Status (R. Doc. 13) is

**DENIED**.


New Orleans, Louisiana, this 25th day of November 2025.


**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**